**\* FOR PUBLICATION\***

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GLADYS VAUGHAN-WILLIAMS, | : |
| Plaintiff, | : Civil Action No. 20-00174 (FLW) (DEA) |
| v. | : |
|  | : **OPINION** |
| FIRST COMMERCE BANK, C. HERBERT SCHNEIDER, MARY KAY MALEC, | : |
| Defendants. | : |

**WOLFSON, Chief Judge:**

Gladys Vaughan-Williams ("Plaintiff") filed the instant Complaint, alleging that Defendants First Commerce Bank ("FCB"), C. Herbert Schneider ("Schneider"), and Mary Kay Malec ("Malec") (collectively, "Defendants"), wrongfully terminated her employment solely because she filed for bankruptcy, in violation of 11 U.S.C § 525(b). Before the Court is a motion to dismiss filed by Defendants, seeking dismissal of Plaintiff's claims against individual defendants, Schneider and Malec, and to strike her request for emotional distress damages, punitive damages, and attorneys' fees and costs against FCB. For the reasons set forth below, Defendants' motion to dismiss is **GRANTED**. All claims against Schneider and Malec are dismissed with prejudice, and the request for emotional distress damages, punitive damages, and attorneys' fees and costs are stricken from the Complaint.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

For the purposes of this motion, the Court assumes as true the relevant facts derived from Plaintiff's Complaint. From around May 23, 2017 until January 4, 2018, Plaintiff was a mortgage

1

loan processor employed by FCB. (Compl. ¶ 13.) Plaintiff alleges that on or around November 30, 2017, Malec, FCB's vice president and human resources executive, informed Plaintiff that Malec had received a Writ of Execution Against Earnings from the Mercer County Vicinage Special Civil Court against Plaintiff's wages, and as such, Malec would begin garnishing Plaintiff's wages on or about December 11, 2017. (Compl. ¶ 16.) Thereafter, Plaintiff filed for a petition under Chapter 7 of the Bankruptcy Code on December 8, 2017. (Compl. ¶ 17.) Immediately after filing for bankruptcy, Plaintiff claims she notified Malec of her petition and Malec, thereafter, cancelled the garnishment of Plaintiff's wages. (Compl. ¶¶ 18-19.) Plaintiff claims that on January 4, 2018, after utilizing her vacation time for the holidays, which was approved by FCB, Plaintiff met with Schneider, FCB's president and chief executive officer, and Malec, and in that meeting, Plaintiff was summarily terminated. (Compl. ¶¶ 21-22.)

On January 3, 2020, Plaintiff filed the instant Complaint, in which she alleges that Defendants violated the anti-discrimination provision of the Bankruptcy Code, 11 U.S.C. § 525(b). (Compl. ¶¶ 23-32.) That provision provides that "[n]o private employer may terminate the employment of . . . an individual who is or has been a debtor under this title [11 U.S.C. §§ 101 et seq.] [or] a debtor or bankrupt under the Bankruptcy Act . . . solely because such debtor or bankrupt . . . is or has been a debtor under this title [11 U.S.C. §§ 101 et seq.] or a debtor or bankrupt under the Bankruptcy Act." 11 U.S.C. §§ 525(b)-(b)(1). Plaintiff seeks declaratory relief; injunctive relief, including reinstatement to her previous position; back pay; front pay, if reinstatement is not granted; compensatory and consequential damages, including emotional distress damages; punitive damages; and attorneys' fees and costs. (Compl. at 10.) In the instant matter, Defendants move to dismiss all claims against Schneider and Malec, as well as Plaintiff's request for relief as to emotional distress damages, punitive damages, and attorneys' fees and costs against FCB. (Def.

2

Mot. to Dismiss ("Def. Mot."), at 1.)

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6), "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)(internal quotation marks omitted)(quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 374 n. 7 (3d Cir. 2002)). While Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). Thus, to survive a Rule 12(b)(6) motion to dismiss, the Complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Id.* at 570; *see Phillips*, 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To determine whether a plaintiff has met the facial plausibility standard mandated by *Twombly* and *Iqbal*, courts within this Circuit engage in a three-step progression. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the court must "outline the elements a plaintiff must plead to . . . state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court "peel[s] away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. *Id.* Finally, where "there are well-pleaded factual

3

allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

## III.     ANALYSIS

### A.     Schneider and Malec

Plaintiff alleges that Schneider and Malec were the "main culprits of [her] victimization" as they committed the discriminatory act of terminating Plaintiff solely because she had filed a petition in bankruptcy. (Pl. Br. in Opp. to Mot. to Dismiss ("Pl. Br. in Opp."), at 4.) In her Complaint, Plaintiff avers that she was employed by FCB and that FCB is an employer "within the meaning of the term." (Compl. ¶¶ 7, 13.) In that connection, Plaintiff contends that Schneider and Malec are being sued in their professional capacities as principals and agents of FCB, who instigated, carried out, and completed the discriminatory acts alleged in the Complaint. (Pl. Br. in Opp., at 4.)   In response, Defendants argue that neither Schneider nor Malec qualify as an "employer" under the Bankruptcy Code and that § 525(b) does not permit individual liability. (Def. Mot., at 5-6.) Defendants further argue that Plaintiff has not alleged any facts which would suggest that either Schneider or Malec were her employer at any time and, therefore, Plaintiff's claims against them must be dismissed. (Def. Mot., at 6.)

Section 525(b) specifically bars "private employer[s]" from terminating the employment of a debtor or bankrupt solely based on his or her bankruptcy status. *See* 11 U.S.C. § 525(b). While Section 525(b) does not define "employer," courts have looked to other anti-discrimination laws that utilize a common law definition of "employer" for guidance.[1]  *See Fiorani v. CACI*, 192 B.R. 401, 408-09 (E.D. Va. 1996).  For example, one court has explained "employment" in the context

---

[1]     As there is a dearth of case law discussing discrimination claims under § 525(b) in the Third Circuit, the Court looks to decisions in other circuits for guidance.

4

of § 525 means "work for which one has been hired and is being paid by an employer." *Murdock v. Esperanza, Inc.*, 529 B.R. 834, 838 (E.D. Pa. 2015) (quoting *Magruda v. Belle Vernon Area Sch. Dist.*, No. 06-00995, 2009 U.S. Dist. LEXIS 13761, *19-20 (W.D. Pa. Feb. 23, 2009) (defining employment under the Family and Medical Leave Act))). Similarly, courts have reasoned that because "Congress in § 525(b) has not explicitly defined the term 'employer,' nor has it indicated that the word has anything but its ordinary meaning . . . a test based on general common law principles seems as appropriate for defining 'employer' for purposes of § 525 as it is for the Title VII context." *Fiorani,* 192 B.R. at 409. Factors courts consider in determining whether an employee-employer relationship exists include the extent of the employer's right to control the means and manner of the worker's performance, the intention of the parties, and the kind of occupation. *See id.* (citing *Spirides v. Reinhardt*, 613 F.2d 826, 831-32 (D.C. Cir. 1979)).

Here, Plaintiff fails to allege that Schneider or Malec were her "employers" under a common law definition. To survive a motion to dismiss, Plaintiff must do more than simply state Schneider and Malec were employers in the Complaint; the factual allegations must be enough to raise a right to relief above a speculative level. *See Twombly*, 550 U.S. at 555. Plaintiff has failed to do so. Plaintiff does not allege any facts that suggest Schneider and Malec were her employers. Nor does Plaintiff describe her professional relationship with Schneider or Malec in such a way that the Court could find an employer-employee relationship. The fact that they were the individuals who terminated Plaintiff is merely a single factor, which is itself not dispositive. *See Fiorani*, 192 B.R. at 409 ("[T]he right to control the individual's work remains the most important factor, but is alone not dispositive."). At no point in the Complaint does Plaintiff allege she was employed by Schneider or Malec. Rather, as pled, these individuals were simply FCB's agents who acted on FCB's behalf. As is the case under Title VII, an analogous statute upon which this

Court may rely, neither Schneider nor Malec can be held individually liable under § 525(b). *See Barnett v. N.J. Transit Corp.*, 573 F. App'x 239, 242 n.3 (3d Cir. 2014); *Schanzer v. Rutgers Univ.*, 934 F. Supp. 669, 678 (D.N.J. 1996). Therefore, the claims against Schneider and Malec are dismissed. *See Ashmeade v. Citizens Bank*, No. 17-cv-8994(JGK), 2018 U.S. Dist. LEXIS 104862, *7-8 (S.D.N.Y June 22, 2018).[2]

### B. Damages

Defendants next move to dismiss certain types of Plaintiff's requested damages. Defendants argue that § 525(b)'s silence on remedies and analysis of similar anti-discrimination laws by various courts shows that Plaintiff's request for emotional distress damages, punitive damages, and attorneys' fees and costs has no legal basis. (Def. Mot., at 8-9.) In that regard, Defendants contend that courts have "routinely" dismissed demands for these damages under § 525. (Def. Mot., at 10-11.) On the other hand, Plaintiff maintains that this Court has the authority, under 11 U.S.C. § 105(a),[3] to enforce provisions of the Bankruptcy Code and grant equitable relief. (Pl. Br. in Opp., at 6.)

Section 525, itself, does not set forth a remedy for violating the statute. *See In re Simms-Wilson*, 434 B.R. 452, 468 (Bankr. S.D. Tex. 2010); *In re Hicks*, 65 B.R. 980, 984 (Bankr. W.D.

---

[2] Plaintiff claims that Schneider and Malec are being sued in their professional capacities as principals and agents of FCB and FCB is liable as *respondeat superior* for the acts and omissions of Schneider and Malec. (Pl. Br. in Opp., at 4.) Plaintiff states "all their actions were performing as an extension of and on behalf of" FCB. (Pl. Br. in Opp., at 4.) This reasoning, however, cannot provide a basis for suit against Schneider and Malec under § 525(b), as the Court has explained *supra*.

[3] 11 U.S.C. § 105(a) provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

Ark. 1986). Nonetheless, courts have awarded equitable relief when a violation of § 525 was found, including back pay, reinstatement, or injunctive relief. *See In re Dwelle*, No. 6:12-bk-71728, 2015 Bankr. LEXIS 4514, *9 n.5 (Bankr. W.D. Ark. May 27, 2015); *see also In re Sweeney*, 113 B.R. 359, 364 (Bankr. N.D. Ohio 1990) (awarding back pay); *In re McNeely*, 82 B.R. 628, 634 (Bankr. S.D. Ga. 1987) (awarding lost profits); *In re Hicks,* 65 B.R. at 984-85 (ordering debtor be restored to her former position); *but see In re Patterson*, 125 B.R. 40, 55 (Bankr. N.D. Ala. 1990) (awarding "reasonable costs," including attorney fees, for violation of automatic stay and violation of § 525(b)). As one court has noted, "[a]warding lost profits resulting from the discriminatory action is an appropriate remedy. Such an award shows employers that discriminatory actions with respect to employment will not be tolerated, and it places the aggrieved debtor in the position he would be in had the discrimination not occurred." *In re McNeely*, 82 B.R. at 634 (internal citations omitted). The purpose of § 525(b) is to "effectuate the 'fresh start' policy, which is behind personal bankruptcies." *Leary v. Warnaco, Inc.*, 251 B.R. 656, 658 (S.D.N.Y. 2000).

As a preliminary matter, there is no authority under § 105, as Plaintiff claims, for the court to award any remedy not explicitly provided for by the Bankruptcy Code. *See In re Dwelle*, 2015 Bankr. LEXIS 4514, at *9. "[S]ection 105(a) [does not] give the court the power to create substantive rights that would otherwise be unavailable under the [Bankruptcy] Code." *In re Morristown & Erie R.R. Co.*, 885 F.2d 98, 100 (3d Cir. 1989) (citing *S. Ry. Co. v. Johnson Bronze Co.*, 758 F.2d 137, 141 (3d Cir. 1985)). Furthermore, the Third Circuit has stated that "[w]e will not contravene congressional intent by implying statutory language that Congress omitted." *Rea v. Federated Inv.*, 627 F.3d 937, 941 (3d Cir. 2010) (citing *In re Lord Abbett Mut. Funds Fee Litig.*, 553 F.3d 248, 254 (3d Cir. 2009)). As § 525(b) provides no explicit mandate for the award of

7

emotional distress damages, punitive damages, or attorneys' fees and costs, § 105 cannot provide an independent basis for the award of those damages.

### i. *Damages for Emotional Distress*

In her Complaint, Plaintiff argues that Defendants' discriminatory conduct was "outrageous and undertaken with reckless indifference to the rights and interest of Plaintiff, and was done in blatant disregard for the laws of the United States and for the peace and tranquility of the State of New Jersey." (Compl. ¶ 34.) She further contends this conduct caused her to suffer economic and non-economic harm, including emotional distress. (Compl. ¶ 33.) Defendants argue that there is simply no legal basis for Plaintiff's request for emotional distress damages, as the statute does not explicitly authorize such damages. (Def. Mot., at 9.) I agree.

Section 525(b) provides no basis for Plaintiff to recover damages for emotional distress. While the statute itself is silent on the subject, "[t]he only instances in which bankruptcy courts have granted relief for emotional distress damages are for violations of the automatic stay provisions under 11 U.S.C. § 362(h)." *In re Taylor*, 263 B.R. 139, 152 (N.D. Ala. 2001). Due to the lack of cases addressing this specific issue, courts have turned to other anti-discrimination laws to determine whether a right to recover emotional distress damages exists under 11 U.S.C. § 525(b). *See In re Hopkins*, 81 B.R. 491, 494 (Bankr. W.D. Ark. 1987) ("In seeking guidance for an appropriate remedy for job discrimination by a private employer, the Court has looked to the general principles of federal job discrimination law, particularly [Title VII] and [the Age Discrimination in Employment Act ("ADEA")]."). While Title VII explicitly provides for compensatory and punitive damages, including for emotional pain, 42 U.S.C. § 1981a, the ADEA, however, provides a more apt comparison because the law itself is silent on whether it permits recovery for pain and suffering or emotional distress. *See* 29 U.S.C. § 626.

Indeed, remedies under ADEA serve a similar purpose to those under § 525(b); they are meant to grant equitable relief and to make the injured party whole. *See Rodriguez v. Taylor*, 569 F.2d 1231, 1238 (3d Cir. 1977). Courts in this circuit have held that a plaintiff "may not seek emotional distress damages under the ADEA." *Bauer v. M&M/Mars*, No. 99-CV-606, 2001 U.S. Dist. LEXIS 24162, *27 (E.D. Pa. Oct. 22, 2001); *see also Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 336 (1995) ("Monetary remedies under the ADEA are limited to back wages . . . and liquidated damages. . . ."); *O'Rourke v. Cty. Of Del.*, No. 19-2550, 2020 U.S. Dist. LEXIS 19248, *14-15 (E.D. Pa. Feb. 5, 2020). Further, both the ADEA and § 525(b) are federal anti-discrimination laws whose general principles have been used interchangeably to provide guidance to courts. *See In re Hopkins*, 81 B.R. at 494. Indeed, where courts have concluded that legal or equitable relief, such as reinstatement, injunction, or back pay, is the appropriate scope of remedies for one of these laws, those remedies are appropriate for the other, as both laws are meant to make the injured party whole for injuries suffered due to unlawful employment discrimination. *See id.*; *In re Simms-Wilson*, 434 B.R. at 468. Thus, I find that because the ADEA does not permit recovery of emotional distress damages, likewise, § 525(b) does not do so either.

Tellingly, Plaintiff has failed to point to any case where a court permitted a debtor to recover damages for emotional distress for a violation of § 525(b). Therefore, Plaintiff's requested relief for emotional distress damages is stricken from the Complaint.

### ii. Punitive Damages

Plaintiff alleges that in violating § 525(b), Defendants "have been guilty of malice, fraud, or oppression" and, as such, she is entitled to punitive damages against all Defendants. (Compl. ¶ 35.) Defendants contend, however, that the relevant statute provides no legal basis for an award of punitive damages and other courts have explicitly held that § 525(b) does not permit punitive

damages. (Def. Mot., at 10.)

Again, the relevant statute is silent on whether punitive damages are recoverable. *See* 11 U.S.C. § 525(b). As previously stated, courts have typically provided *equitable* relief for § 525(b) violations, with at least one court stating that the statute provides no authority for the award of punitive damages. *Leary v. Warnaco, Inc.*, 251 B.R. at 659 ("If Congress had intended to award punitive damages or attorneys' fees under § 525(b) it could have said so, but it did not."); *see also In re Dwelle*, 2015 Bankr. LEXIS 4514, *9 n.5; *In re Sweeney*, 113 B.R. at 364; *In re McNeely*, 82 B.R. at 634; *In re Hicks,* 65 B.R. at 984-85; *but see In re Patterson*, 125 B.R. at 55. Plaintiff failed to identify a single case where a court explicitly permitted the recovery of punitive damages for violation of this section. Therefore, Plaintiff's requested relief for punitive damages is also stricken from the Complaint.[4]

### iii. Attorneys' Fees and Costs

Finally, Plaintiff seeks attorneys' fees and costs. (Compl., at 10.) Defendants argue that §525(b) also does not provide a basis for awarding attorneys' fees and costs and other courts have rejected similar requests for attorneys' fees under this statute. (Def. Mot., at 10-11.)

Section 525 provides no statutory basis for an award of attorneys' fees to the prevailing party. "In the absence of specific statutory authority, a court ordinarily has no power to award attorney fees." *In re Hicks*, 65 B.R. at 985 (citing *Palmer v. Gen. Serv. Admin.,* 787 F.2d 300, 301

---

[4] Plaintiff points to cases which she claims support her theory that she is entitled to punitive damages, however each is easily distinguishable and does not provide the requisite support. For example, *In re Hopkins* does not make any determination as to what damages are authorized under § 525 but merely lists the variety of remedies awarded by courts and requested by plaintiffs, none of which granted emotional distress damages, punitive damages, or attorneys' fees and costs. *In re Hopkins*, 66 B.R. 828, 833-34 (Bankr. W.D. Ark. 1986). The court in *In re Vaughter* awarded the debtor $500 for the violation of § 525(b) and $750 in attorneys' fees, but that award was in response to a motion for sanctions, and the court provided no legal basis for the remedies awarded. *In re Vaughter*, 109 B.R. 229, 237 (Bankr. W.D. Tex. 1989).

(8th Cir. 1986) ("[A]bsent express statutory authorization to the contrary, each party is ordinarily required to pay its own attorneys' fees")). Indeed, numerous courts have held that § 525 does not authorize an award of attorneys' fees to the prevailing party. *See Myers v. Toojay's Mgmt. Corp.*, 419 B.R. 51, 61 (M.D. Fla. 2009); *Pratt v. Phoenix Home Life Mut. Ins. Co.*, 285 B.R. 3, 6-7 (D. Or. 2001); *Leary v. Warnaco, Inc.*, 251 B.R. at 659; *In re Sweeney*, 113 B.R. at 364; *In re Hicks*, 65 B.R. at 985; *but see In re Patterson*, 125 B.R. at 55. Plaintiff, nevertheless, argues that the court's decision in *In re Patterson* supports her request for attorneys' fees. There, the court determined that the plaintiff was owed compensation for "reasonable costs, including attorneys' fees" due to the defendant's violation of an automatic stay provided by 11 U.S.C. § 362(a) and a violation of § 525(b). *In re Patterson*, 125 B.R. at 56. However, § 362(a) explicitly authorizes the award of attorneys' fees and costs and § 525(b) does not. *See* 11 U.S.C. §§ 362(a), 525(b). It would be unreasonable to assume that the court in *Patterson* awarded attorneys' fees for the violation of § 525(b), particularly since the Supreme Court has held that "but for a few well-recognized exceptions . . . absent explicit congressional authorization, attorneys' fees are not a recoverable cost of litigation." *Runyon v. McCrary*, 427 U.S. 160, 185 (1976). I find that Section 525 does not authorize attorneys' fee awards, and Plaintiff has failed to provide a reason as to why the general rule should be disregarded. Accordingly, the requested relief for attorneys' fees is further stricken from the Complaint.

### IV.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. All claims against Schneider and Malec are dismissed with prejudice. The requested relief for damages for emotional distress, punitive damages, and attorneys' fees and costs are stricken from the Complaint.

DATED:  July 6, 2020 /s/ Freda L. Wolfson
Hon. Freda L. Wolfson
U.S. Chief District Judge